## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| **ALBERTO RIOS-GUERRA; JENNY SPICER,** | * | |
| | * | |
| **Plaintiff,** | * | **CIVIL NO. 18-1638 (WGY)** |
| | * | |
| **v.** | * | **RE: PERSONAL INJURY** |
| | * | |
| **BANCO POPULAR DE PUERTO RICO;** | * | **PLAINTIFF DEMANDS** |
| **BLACKPOINT MANAGEMENT, LLC** | * | **TRIAL BY JURY** |
| **IVYS J. OYOLA and the CONJUGAL** | * | |
| **PARTNERSHIP formed by him and his wife** | * | |
| **ERIC L. MORALES-FRANCO and the** | * | |
| **CONJUGAL PARTNERSHIP formed by him** | * | |
| **and his wife; UNIVERSAL INSURANCE** | * | |
| **COMPANY; and, CHUBB INSURANCE** | * | |
| **COMPANY,** | * | |
| | * | |
| **Defendants.** | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## <u>AMENDED COMPLAINT</u>

**TO THE HONORABLE COURT:**

**NOW INTO THIS COURT,** through the undersigned counsel, comes the plaintiff and respectfully states, alleges and requests, as follows:

### I. INTRODUCTION

1.1     The Plaintiffs bring this action in torts against Defendants, seeking compensatory relief for the personal injuries and losses they sustained as result of the concurrent negligence of Defendants, pursuant to this Court's Diversity Jurisdiction, on the basis of the facts set forth herein under.

1.2     Pursuant to the Seventh Amendment of the United States Constitution, Plaintiff demands a trial by jury in the instant case.  Fed. R. Civ. P. 38b.

## II.  JURISDICTION AND VENUE

2.1    This Honorable Court has jurisdiction over the parties and the subject matter of this litigation pursuant to 28 U.S.C. § 1332, because all the parties on either side of the controversy are of diverse citizenship and the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interests and costs. The facts set forth in this complaint are actionable under Articles 1802 and 1803 of the Civil Code of Puerto Rico, 31 L.P.R.A. §5141 and §5142.

2.2    Venue is proper in the instant case given that all of the events giving rise to this claim occurred in the Commonwealth of Puerto Rico.

## III.  THE PARTIES

3.1    The Plaintiffs, **Alberto Rios-Guerra ("Rios")** and his sister **Jenny Spicer** ("**Spicer**"), are *bona fide* residents of the State of Florida and citizen of the United States of America.

3.2    The Defendants are: **Banco Popular de Puerto Rico ("BPPR")**; **Blackpoint Management, LLC ("Blackpoint")** d/b/a/ Los Dominicos Shopping Center; **Ivys J. Oyola ("Oyola")** and the **Conjugal Partnership** constituted by him and his wife; **Eric L. Morales Franco ("Morales")** and the **Conjugal Partnership** constituted by him and his wife; **Universal Insurance Company**; and, **Chubb Insurance Company.** These Defendants are incorporated or organized under the laws of, and have their principal places of business in, or are residents of, the Commonwealth of Puerto Rico or a State of the Union other than Florida.

3.3    At all times relevant herein, **BPPR** was registered to do business as a credit and savings bank in the Commonwealth of Puerto Rico and authorized to provide, as it provided, financial services to its clients in its branches scattered throughout Puerto Rico.  **BPPR** operated a branch office in a leased space in the Los Dominicos Shopping Center, located in Levittown,

Puerto Rico (henceforth the "Shopping Center") that had an outdoor Automatic Teller Machine ("ATM") facing one of the Shopping Center's sidewalks that was adjacent to its parking lot, wherein the accident object of this Complaint occurred.

3.4     At all times relevant herein, **Blackpoint** was the manager of the Shopping Center where the subject accident occurred; and, as such, was in charge of its administration, operation and security.

3.5     **BPPR** owed a duty of care to the customers and clients of its branch office in the Shopping Center, as well as to any persons who legitimately used its outdoor ATM, so as to protect them from the risk of bodily injury, harm or damage that could be caused by any foreseeable negligent act of third parties. **BPPR** was required to take security measures that were sufficient and reasonable according to the incidence of accidents thereat. **BPPR** breached this duty through the negligent acts and/or omissions described herein below.

3.6     **Blackpoint** owed a duty of care to the customers and clients of the Shopping Center, as well as to any persons who legitimately used its premises, so as to protect them from the risk of bodily injury, harm or damage that could be caused by any foreseeable negligent act of third parties. **Blackpoint** was required to take security measures that were sufficient and reasonable according to the circumstances of the location, design and operation of the outdoor ATM and/or the prevalent accidents on its premises. **Blackpoint** breached its duty through the negligent acts and/or omissions described herein below.

3.7     At all times relevant herein, **Oyola** and the **Conjugal Partnership** constituted by him and his wife were the owners of the motor vehicle, marque Kia, model Sorrento and year 2005, with license plate number GIC-224 (hereinafter referred to as the "Sorrento"), involved in the accident object of this Complaint.

3

3.8    At all times relevant herein, **Morales** was the authorized driver of the Sorrento involved in the accident object of this Complaint.

3.9    At all times relevant herein**, Morales** was acting for the economic benefit of the **Conjugal Partnership** constituted by him and his wife.

3.10    At all times relevant herein, **Universal Insurance Company** had issued and had in full force and effect an insurance policy which covered the civil responsibility of **BPPR** for damages in a claim such as the one set forth in this Complaint.

3.11    At all times relevant herein, **Chubb Insurance Company** had issued and had in full force and effect an insurance policy which covered the civil responsibility of **Blackpoint** for damages in a claim such as the one set forth in this Complaint.

## IV. FACTUAL ALLEGATIONS

4.1    At all times relevant herein, **BPPR** operated a branch office in the Shopping Center that had an ATM facing one of the Shopping Center's sidewalks that was adjacent to its parking lot. Perpendicular to this narrow stretch of the sidewalk, there were lines drawn in yellow on the lot designating parking spaces.

4.2    On September 5, 2017, at approximately 11:50 a.m., **Rios** stood on the alluded area of the Shopping Center's sidewalk facing the ATM and with his back to the parking lot, using the ATM to make a monetary transaction with **BPPR**.

4.3    While **Rios** was using the ATM in question, **Morales** attempted to park the Sorrento in the designated parking space just in front of and perpendicular to the area of the sidewalk where Plaintiff stood. As **Morales** tried to do so, he lost control of the Sorrento, which invaded the sidewalk at a high speed and forcefully impacted **Rios,** pinning his legs against the ATM embedded in the Shopping Center's outer wall, and immediately causing him to sustain multiple and severe injuries, shock and trauma to his whole body, including his muscular,

4

skeletal and nervous systems, and to suffer mental anguish and emotional distress; and injuring another costumer that was waiting in line to use the ATM as well.

4.4    Shortly thereafter, an ambulance arrived at the scene; the paramedics then provided first aid to **Rios** and took him to the closest hospital, wherein he was hospitalized from September 5 to 17, 2017, and underwent surgery on his right knee and left foot.

4.5    The motor vehicle impact to **Rios'** body was caused by the gross negligence and careless driving of **Morales**, who attempted to park the Sorento at a velocity in excess of the speed permitted by law in the parking lot and allowed by the circumstances of the road and the conditions of time and place to the point where he lost control of the Sorento; it being foreseeable to him that doing so could cause a motor vehicle impact and injuries to a person standing on the sidewalk of the Shopping Center, such as it occurred in this case.

4.6    **BPPR** and **Blackpoint** knew or should have known of the foreseeability of the negligent acts or omissions that caused the injuries sustained by Plaintiff and the need to take reasonable safety measures to prevent the same, due to: (a) the proximity of the parking lot to the ATM in question; (b) the narrowness of the sidewalk where clients stood to perform monetary transactions in the ATM with their backs to the parking lot; (c) the lack of any safety barrier dividing the sidewalk and the parking lot; and/or (d) the prior occurrences of similar negligent acts or omissions.

4.7    Based on the circumstances existing on the accident site and/or the prior similar negligent acts or omissions, **BPPR** and **Blackpoint** had a duty to provide adequate safety measures within the premises of the Shopping Mall to protect customers, clients and others legitimately there, such as Plaintiff, against foreseeable negligent acts or omissions of third parties.

4.8     It was reasonably foreseeable to **BPPR** and **Blackpoint** that their failure to comply with their respective duties could cause the customers or clients of the Shopping Center to suffer personal injuries, such as the injuries sustained by Plaintiff in this case.

4.9     But for the negligence of **Morales**, **BPPR** and **Blackpoint** Plaintiff would not have suffered the injuries, damages and losses sustained in the accident object of this Complaint.

## V.  CAUSES OF ACTION

**First Cause of Action**

5.1     The paragraphs stated before herein are literally incorporated herein and are made part of this paragraph.

5.2     As a direct result of the injuries received in her body, Rios suffered intense and unbearable physical pain. His legs were so injured that required surgery, which consisted in the insertion of metal plates and screws in his right knee and left foot.

5.3     As a direct result of these injuries, **Rios** is permanently and partially disabled in his general physiological functions.

5.4     **Rios** is entitled to receive as a full, just and fair compensation for the damages stated above a reasonable sum of no less than **ONE MILLION DOLLARS ($1,000,000).**

**Second Cause of Action**

5.5     The paragraphs stated before herein are literally incorporated herein and are made part of this paragraph.

5.6     As a direct consequence of the above stated injuries, **Rios** also sustained an aggravation of a pre-existing emotional condition, which has caused him to suffer from irritability, anxiety, depression, insomnia and other psychological symptoms, all of which required medical treatment in the past and will continue to require such treatment in the future.

5.7     Plaintiff has also suffered, is suffering and will continue to suffer from a loss of happiness and the capacity to enjoy life; an impairment of his capacity to perform the social and recreational activities common for a man of his age; and, an inability to participate and attend social and recreational activities and entertainment functions with his family and friends.

5.8     As further direct consequence of the foregoing, **Rios** has suffered, is suffering and will continue to suffer permanent severe mental, moral, psychological and emotional pain, anguish and distress.

5.9     **Rios** is entitled to receive as a full, just and fair compensation for the above stated damages a reasonable sum of no less than **ONE MILLION DOLLARS ($1,000,000).**

**Third Cause of Action**

5.10    The paragraphs stated before herein are literally incorporated herein and are made part of this paragraph.

5.11    As a direct consequence of the above-stated negligent acts and/or omissions of Defendants and the resultant physical and mental injuries and disabilities sustained by **Rios**, his sister **Spicer,** who has taken care and assisted him after the accident, has suffered mental anguish and emotional distress.

5.12    **Spicer** is entitled to receive as a full, just and fair compensation for the above stated damages a reasonable sum of no less than **ONE HUNDRED AND FIFTY THOUSAND DOLLARS ($150,000.00)**.

**Fourth Cause of Action**

5.13    The paragraphs stated before herein are literally incorporated herein and are made part of this paragraph**.**

5.14 In the event Defendants temerariously deny their responsibility and liability for the injuries and damages caused to Plaintiffs, as set forth hereinabove, Plaintiffs would also be

entitled to pre-judgment interest for any and all sums finally awarded to them, to be computed from the date of the filing of this complaint through and until the date Judgment is entered, and a reasonable amount of money for attorney fees.

## VI. PRAYER FOR RELIEF

**WHEREFORE,** it is respectfully requested that judgment be entered by this Honorable Court in favor of Plaintiff and jointly and severally against all Defendants:

a) granting Plaintiff all the sums requested in the Complaint;

b) imposing upon Defendants the payment of all costs and expenses to be incurred in this lawsuit;

c) granting Plaintiff any other relief that he may be entitled to as a matter of law; and,

d) awarding Plaintiff pre-judgment and post-judgment interests, plus a reasonable amount for attorneys' fees.

**RESPECTFULLY SUBMITTED.** In San Juan, Puerto Rico, this 2nd day of May, 2019.

**I HEREBY CERTIFY** that on this date the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel for Defendants.

/s/José F. Quetglas Jordan

JOSÉ F. QUETGLAS-JORDÁN
USDC-PR #203411
**QUETGLAS LAW FIRM, P.S.C.**
1353, Luis Vigoreaux Ave.
PMB 657
Guaynabo, PR 00966
Tel: (787) 406-8915
Email: jfquetglas@gmail.com;
quetglaslawpsc@gmail.com

8

/s/<u>Eric M. Quetglas Jordan</u>

ERIC M. QUETGLAS-JORDAN
USDC-PR #202514
**QUETGLAS LAW OFFICES**
1353 Luis Vigoreaux Ave.
PMB 669
Guaynabo, PR 00966
Tel./Fax (787) 722-0635
QuetglasLaw@gmail.com
www.QuetglasLawPSC.com