## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| ALBERTO RIOS-GUERRA, et al., | * | |
| | * | |
| Plaintiffs, | * | Civ. No. 18-1638 (WGY) |
| | * | |
| v. | * | RE: PERSONAL INJURY |
| | * | |
| BANCO POPULAR DE PUERTO RICO, | * | PLAINTIFF DEMANDS |
| et al., | * | TRIAL BY JURY |
| | * | |
| Defendants. | * | |

**************************************************

### INFORMATIVE MOTION REGARDING SUGGESTION
### OF DEATH OF PLAINTIFF ALBERTO RIOS-GUERRA; AND,
### FORTHCOMING REQUEST FOR SUBSTITUTION OF PARTIES

**TO THE HONORABLE COURT:**

**NOW INTO THIS COURT,** by and through the undersigned counsel, come the Plaintiffs and respectfully inform and request:

1.      Plaintiff Alberto Rios-Guerra died on August 24, 2019. Rios-Guerra's only descendants are his son, Alberto Rios-Molina, and daughter, Marianela Rios-Molina. As such, they are the legal heirs of his estate. Both are adults.

2.      Pursuant to Rule 25(a)(1), "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party." Fed. R. Civ. P. 25(a)(1). "A motion for substitution may be made by any party or by the decedent's successor or representative." *Id.* Such a motion must be made "within 90 days after service of a statement noting the death," or "the action by or against the decedent must be dismissed." *Id.*

3.      The "ninety-day period under Rule 25(a)(1) is not triggered unless a formal suggestion of death is made on the record, regardless of whether the parties have knowledge of a party's death." *Grandbouche v. Lovell,* 913 F.2d 835, 836 (10th Cir.1990). "Rule 25 does not specify which party should file and serve a statement noting the death, however, 'once a party dies, his attorney has no authority to add anything to the record.'" *Burgos-Yantin v. Municipality of Juana Diaz,* 709 F.Supp.2d 118, 122 (D. PR 2010) (quoting *Atkins v. City of Chicago,* 547 F.3d 869, 873 (7th Cir.2008). "A party must serve the suggestion of death in the same manner as service of the motion to substitute." *Id.*

4.      On December 4, 2019, Marianela Rios-Molina filed a petition for Declaration of Heirship with the Commonwealth of Puerto Rico Court of First Instance, San Juan Courthouse, in the case of *Ex-Parte Marianela Rios-Molina,* TB2019CV00759. To date, this petition is still pending resolution.

5.      On January 27, 2020, Alberto Rios-Molina and Marianela Rios-Molina retained the undersigned counsels to continue to prosecute the claim they inherited from their decedent in the case of caption.

6.      As soon as the Commonwealth Court of First Instance rules upon the request for Declaration of Heirship in the case of *Ex-Parte Marianela Rios-Molina,* we will proceed to request this Court to substitute the deceased Alberto Rios-Guerra for Alberto Rios-Molina and Marianela Rios-Molina, as the legal heirs of his estate, in the case of caption.

**WHEREFORE,** Plaintiffs respectfully request the Court to take notice of the foregoing.

**RESPECTFULLY SUBMITTED.** In San Juan, Puerto Rico, this 28th day of January of 2020.

**I HEREBY CERTIFY** that on this date the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel for Defendants.

*/s/ José F. Quetglas Jordán*

**JOSÉ F. QUETGLAS JORDÁN**
USDC-PR #203411

**QUETGLAS LAW FIRM, P.S.C.**
1353, Luis Vigoreaux Ave.
PMB 657
Guaynabo, PR 00966
Tel:(787) 406-8915
Email: jfquetglas@gmail.com

*/s/ Eric Quetglas-Jordan*

**ERIC QUETGLAS-JORDAN**
USDC-PR No. 202514

**QUETGLAS LAW OFFICE, P.S.C.**
1353 Luis Vigoreaux Ave.
PMB 669
Guaynabo, PR 00966
Tel. (787) 722-0635
E-mail: Quetglaslaw@gmail.com